FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2007
P.M. ___
TIME A.M. ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BAIJNATH AGIWAL,

                       Plaintiff,      **REPORT AND RECOMMENDATION**
                                               **06 CV 1919 (ERK)(LB)**

       -against-

MID-ISLAND MORTGAGE CORP.,

                       Defendant.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      I have supervised the pretrial proceedings in this employment discrimination action. The Court excused plaintiff's failure to appear at his first deposition scheduled for February 28, 2007 and ordered him to appear at his rescheduled deposition on March 16, 2007. Plaintiff then wrote to the Court on March 15, 2007, the day before his rescheduled deposition, to request another adjournment due to illness. The Court denied plaintiff's request and ordered him to appear on March 16, 2007. Plaintiff failed to appear for his rescheduled deposition, however he submitted documents showing he had been hospitalized and a handwritten physician's note. The Court therefore did not recommend dismissal of the complaint, but instead imposed the lesser sanction of ordering plaintiff to pay defendant's costs. The Court also ordered plaintiff to appear without fail for his second rescheduled deposition on April 16, 2007. My Order specifically warned plaintiff that "no last-minute adjournment request will be considered," that "any such request will be considered in willful disregard of the Court's Order," and that "if plaintiff fails to timely appear for his deposition on April 16, 2007 at 10:00 a.m., I will recommend that his case should be dismissed with prejudice under Federal Rule of Civil Procedure 37(b), (d)." By letter dated April 16, 2007, defendant advises the Court that plaintiff again failed to appear for his deposition. See docket entry 38. Accordingly, I recommend that plaintiff's case should be dismissed.

## BACKGROUND

Plaintiff filed this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") on April 18, 2006 against his former employer Mid-Island Mortgage Corp. Plaintiff alleges that defendant discriminated against him based on his race, color, religion, national origin, age, and disability, and that defendant retaliated against him. Complaint at 1, 3.

Plaintiff's application to proceed *in forma pauperis* was granted, and the United States Marshals Service served process on defendant. The Court held an initial conference on October 5, 2006 and issued an Order directing the parties to make initial disclosures within thirty days. Plaintiff requested and was granted an extension until December 8, 2006, and then another extension to December 18, 2006. My Orders specifically warned plaintiff that he was required to respond to discovery requests, and that if he did not do so, he was subject to sanctions that could include dismissal of this action.

Plaintiff brought a partial response to the initial disclosures Order to the December 18, 2006 status conference, however he failed to respond to defendant's other discovery requests. The Court gave plaintiff another opportunity and ordered him to respond by January 18, 2007. On January 30, 2007, I denied defendant's first motion to dismiss the complaint based on plaintiff's failure to respond to Court ordered discovery and gave plaintiff another chance to respond to all outstanding discovery by February 9, 2007. I expressly warned plaintiff that although I had denied defendant's request to dismiss, the Court would not tolerate his failure to comply. By affidavit dated February 9, 2007, plaintiff stated that he would respond to defendant's discovery requests by February 12,

2007, however, by reply dated February 13, 2007, defendant notified the Court that plaintiff had failed to do so.

Defendant noticed plaintiff's deposition for February 28, 2007, but plaintiff called to cancel the deposition on February 26, 2007 due to illness. By letter dated March 2, 2007, defendant for a second time requested permission to move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 37 for failure to obey the Court's Orders. In light of plaintiff's *pro se* status, I denied defendant's request and gave plaintiff another chance to fulfill his discovery obligations, ordering him to respond to the outstanding discovery requests and to bring his responses to his re-scheduled deposition on March 16, 2007. I specifically warned plaintiff that I would not authorize any adjournment and that his failure to appear would result in my recommending dismissal with prejudice under Fed. R. Civ. P. 37(b), (d). Plaintiff wrote the Court at the eleventh hour, by letter dated March 15, 2007, to again request an extension of discovery and to reschedule his deposition. The Court denied these requests and telephoned plaintiff at the number he has listed with the Court, ordering him to appear at his deposition on March 16, 2007. Plaintiff failed to appear at his rescheduled deposition.

By letter dated March 19, 2007, defendant requested permission to move to dismiss the complaint for a third time. I denied defendant's request yet again, informing plaintiff that although his case could be dismissed on this record, in an abundance of caution I would impose the lesser sanction of ordering plaintiff to pay defendant's costs for the court reporter for the March 16, 2007 deposition. I gave plaintiff one final chance to appear for his second rescheduled deposition on April 16, 2007 and specifically warned plaintiff that "no last-minute adjournment request will be considered, and that any such request will be considered in willful disregard of the Court's Order.

If plaintiff fails to timely appear for his deposition on April 16, 2007 at 10:00 a.m., I will recommend that his case should be dismissed with prejudice under Federal Rule of Civil Procedure 37(b), (d)."

## DISCUSSION

The Court may dismiss a complaint for a party's failure to comply with a Court Order regarding discovery. See Fed. R. Civ. P. 37(b)(2)(C) ("...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) [a]n order ... dismissing the action or proceeding or any part thereof ... "). In particular, Rule 37 applies to a litigant's failure to appear for his or her deposition. See, e.g., Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995)). "Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin, 782 F.2d at 1132 (internal quotes omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long

as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against *pro se* litigants because "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

Plaintiff has been given multiple chances to comply with the Court's Orders. Plaintiff has failed to appear for three depositions, the first noticed by defendants on February 28, 2007, the second and third ordered by the Court on March 16 and April 16, 2007. Moreover, the Court explicitly warned plaintiff that the action would be dismissed if he failed to appear for his deposition. See Orders dated March 7 and March 27, 2007.

Plaintiff has not given the Court any basis to excuse his failure to appear for his second rescheduled deposition on April 16, 2007. The Court finds that plaintiff's failure to comply with the Court's Order is willful and cannot be tolerated. Plaintiff's refusal to comply with the Court's Orders and his willful disregard for the Court's authority warrants dismissal of the complaint with prejudice. See Bobal, 916 F.2d 759 (2d Cir. 1990) (*pro se* plaintiff stated the conference scheduling her deposition was improper and failed to appear at deposition); McDonald, 850 F.2d 121 (2d Cir. 1988) (*pro se* plaintiff refused to answer questions at deposition, even when reminded of his obligation pursuant to the Court's Orders). Here, as in Bobal and McDonald, plaintiff's refusal to comply with the Court's Order is not based on any misunderstanding, but on plaintiff's willfulness and bad faith.

The interest of justice is not served by giving plaintiff unlimited chances to obey the Court's

Orders. Rather than dismissing the action upon plaintiff's earlier failures to obey Court Orders, the Court declined defendant's three requests to move to dismiss and afforded plaintiff multiple opportunities to comply. The Court's effort to adopt less severe measures did not bring about plaintiff's compliance. Thus, there is no less drastic sanction that would be effective in this action. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

LOIS BLOOM
United States Magistrate Judge

Dated: May 14, 2007
Brooklyn, New York